THE STATE OF OHIO, APPELLEE, *v.* LISKA, APPELLANT.

(No. 30836—Decided June 25, 1971.)

Mr. H. E. Whitaker, city prosecutor, for appellee.
Mr. Nelson G. Karl and Mr. Joshua J. Kanclebaum, for appellant.

*Per Curiam.* This action comes here from the Berea Municipal Court on appeal from the appellant's conviction and fine of One Hundred Dollars ($100) for an alleged violation of R. C. 2921.05, the so-called "flag desecration" statute. For the reasons stated below, the judgment of the trial court is reversed as being contrary to law.

The appellant, Liska, a student at Baldwin-Wallace College, was arrested and charged with unlawfully and willfully exposing a contemptuous representation of the American flag on the rear window of his automobile. The alleged contemptuous representation consisted of a decal composed of thirteen red and white stripes with a peace symbol appearing on a blue field.

There is nothing in the record to indicate that the appellant was in violation of any traffic laws, nor that he was behaving in a disorderly manner when arrested. The appellant described himself at trial as a conscientious objector of the Vietnam war and a pacifist, and testified that his purpose in displaying the decal in question was to make a political statement of peace. The state's evidence consisted only of the testimony of the arresting officer and a

photograph of the offending decal as it appeared on appellant's car.

Appellant assigned the following as error:

(1) The court erred in concluding that appellant's conduct was contemptuous as required by Section 2921.05 of the Revised Code of Ohio.

(2) The court erred in finding that Section 2921.05 of the Revised Code of Ohio is constitutionally valid and does not violate the basic tenets of the "void for vagueness" doctrine for reason that it (a) fails to afford adequate notice of the scope of its proscription, and (b) fails to provide adequate standards for enforcement.

(3) The court erred in failing to find that appellant's conduct was within the protection of freedom of speech as contained in the First and Fourteenth Amendments to the United States Constitution.

(4) The court erred in finding that the state of Ohio could constitutionally enact a criminal statute which prohibited the symbolic expression of political beliefs.

(5) The court erred in finding that a state may suppress a First Amendment right on the ground that its exercise was contemptuous of our national symbol.

(6) The court erred in concluding that statute under which defendant was convicted furthered any governmental interest other than compelling veneration for the flag.

Under the law it is our duty to avoid constitutional issues if the questions presented can be disposed of on any other basis. It is our view that the conviction in this case can, and should, be overturned and the appellant discharged for reasons which do not reach a constitutional status. Therefore, we do not decide the issues involving claimed violations of due process and the First Amendment or unconstitutional overbreadth for R. C. 2921.05.

Allowing the state's evidence its most favorable stance, it is apparent that the most this appellant has done is to display a decal composed of thirteen red and white stripes and a blue square upon which is superimposed a peace symbol. On the evidence in this case that configuration indicates only the appellant's aspiration for peace for his coun-

try. We hold that the symbolic indication indicated by the facts of this case, without more, was, as a matter of law, not a contemptuous act within the meaning of R. C. 2921.05.

The conviction is reversed and the appellant discharged.

*Judgment reversed.*

DAY, C. J., MANOS and KRENZLER, JJ., concur.